IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiffs, ) | Case No. 08 CR 521-4 |
| ) | Honorable Judge Susan B. Conlon |
| ) | |
| v. ) | |
| ) | |
| JAVIER CHAVEZ ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR DISCOVERY

**NOW COMES** Javier Chavez, by and through his court appointed counsel, Brian M. Collins and moves this Honorable Court to grant him discovery and in support thereof states as follows:

The Defendant requests that such disclosures and production include, but not to be limited to the following:

1. A bill of particulars containing:
   a) The exact time and date of the occurrence; and
   b) The exact street and address and any physical description of the location of the occurrence.

2. A list of witnesses or persons that the prosecution may or may not call as witnesses and their addresses, including production of the following:
   a) Any written or recorded statements by those witnesses, including those written or recorded statements of police officers;

3. A list of all persons that the Government may or may not call who were occurrence witnesses at the scene of the alleged offense or who were present at the time of the arrest of the defendant(s), together with their last known addresses and telephone numbers.

4. Any written or recorded statement(s) and the substance or any oral statements made by the accused, defendants or co-indictee, to include:

   a) A list of witnesses to the making and acknowledgment of such statements;

      b)      The time, place, and date of the making of such statements; and
      c)      Any written or recorded memoranda containing the substance of any oral statements.

5.    Any transcript of the Grand Jury Minutes containing the testimony of the accused and testimony before the Grand Jury of those witnesses whom may be called to testify before trial. This is to include any transcription made of witness testimony that may be favorable to the defense.

6.    A list of all physical property that the Government intends to use at the time of trial, including:

      a)      A list of all physical property in the possession of law enforcement officials;
      b)      Date and time property was acquired;
      c)      Location from which the property was acquired;
      d)      What person or persons first took the property into their possession;
      e)      Reports made by law enforcement authorities pertaining to this property, including scientific reports, etc.; and
      f)      That such property be made available to the defense for inspection before trial.

7.    Any reports or statements of experts made in connection with the particular case, including the results of physical or mental examinations and/or scientific tests, experiments or comparisons.

8.    Any books, papers, documents, photographs or tangible objects which the prosecution intends to use in the hearing or trial or were obtained from or belonging to the accused or co-defendant.

9.    Prior criminal records of Government's witnesses to be used for impeachment.

10.    It is further requested that the prosecution disclose whether there is pending against any witness listed in paragraph (2) supra, any criminal or civil action involving the Government or any such action pending during the pendency of the prosecution of the accused, and if, full disclosure as to the nature of such legal action or actions.

11.    Whether the prosecution intends to use certified copies of convictions of the accused for purposes of impeachment during trial; and time and jurisdiction of such convictions.

12. That the prosecution disclose any evidence in its possession as to whether it will rely on prior acts of conviction of a similar nature as proof of knowledge, intent or motive, or as the basis for any sentence enhancement.

13. That names and addresses of the witnesses that Government intends to call at the time of trial for identification of the defendant as the perpetrator of the crime including:

    a) Time, date, and place of identification;
    b) If photographic identification was used, production of any photo used, whether of defendant or of other persons;
    c) All persons present at such viewing;
    d) Any pictures taken of lineup, etc.; and
    e) Names of any individual who confronted the accused and made no identification or identified him for other crimes.

14. That the prosecution informs counsel for the accused as to whether any person has identified anyone other than the accused as the perpetrator or participant in the offense charged in the indictment or information.

15. That the prosecution inform counsel for the accused as to whether any person has identified the photograph of anyone other than the accused as the perpetrator or participant in the offense charged in the indictment or information.

16. To supply any reports and results of any and all scientific tests, experiments and examinations made by experts or others and the names of such persons who conducted the test, or others and the names of such persons who conducted, (including such test as ballistics, fingerprints, blood, semen and other stains) pertinent to this case.

17. That the prosecution shall inform defense counsel of electronic surveillance (including wire-tapping of conversations to which the accused was a party) of his premises, or that the prosecution intends to use on prosecution of a conspiracy.

18. That the prosecution inform defense counsel whether any evidence was acquired as a result of the execution of any legal process. If so, a copy of this to be supplied to the defense for purposes of inspection.

19. That the prosecution disclose to the defense the names and addresses of any witness or witnesses that may be or would be favorable to the defense. These witnesses to be clearly and separately identified on the list of witnesses. The same disclosure is requested of any physical evidence or scientific evidence that might be favorable to the defense.

20. That the prosecution be ordered to compel any informants whom the Government intends to keep the identity of a secret, of the presence of the defendant if the informant, in fact, does exist. Further, that informants who are to be produced at any hearing or trial, be named or disclosed on the list of witnesses.

Respectfully Submitted,

By: s/ Brian M. Collins

BRIAN M. COLLINS
70 W. Hubbard Street,
Suite 302
Chicago, Illinois 60610
Tel: (312) 755 0303
Fax: (312) 755 0305
E-mail: briancollins302@sbcglobal.net
Atty. No. 29003

| | |
|---|---|
| **STATE OF ILLINOIS** | ) |
| | ) SS |
| **COUNTY OF COOK** | ) |

## PROOF OF SERVICE

I, Brian M. Collins, an attorney, certify and verify that on August 18, 2008, I hand delivered and/or electronically filed a copy of the foregoing **MOTION FOR DISCOVERY**, to:

Lela D. Johnson
Assistant U.S. Attorney
219 S. Dearborn
Suite 500
Chicago, Illinois 60604


By: s/ Brian M. Collins

BRIAN M. COLLINS
70 W. Hubbard Street,
Suite 302
Chicago, Illinois 60610
Tel: (312) 755 0303
Fax: (312) 755 0305
E-mail: briancollins302@sbcglobal.net
Atty. No. 29003

5