IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 CR 521-4 |
| | ) | Honorable Judge Susan B. Conlon |
| | ) | |
| v. | ) | |
| | ) | |
| JAVIER CHAVEZ | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO PRODUCE BRADY MATERIAL

**NOW COMES** defendant Javier Chavez, by and through his counsel Brian M. Collins, and pursuant to Rule 16 (a)(I)(c) of the Federal Rules of Criminal Procedure (documents material to the defendant's defense) and the principles of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United Sates, 405 U.S. 150 (1972), and Kyles v. Whitley, 115 S. Ct. 1555 (1995), moves for entry of an order directing the government to disclose all favorable evidence to the defendant within its possession, custody or control, or the existence of which is known to any agency of the government or by the exercise of due diligence could become known, including but not limited to the below-listed information. The defendant requests production of this material prior to 60 days before trial in order to adequately use this material during the trial of this conspiracy case.

The following requests for information memorialized in written form, but includes information in any form, whether written, oral, or recorded. Where the identity of persons is requested, name and last known address should be given, if known. Further more, the identity of persons is requested regardless of whether the government is in

possession of a statement from said individual.

For purposes of this motion, defendant includes in the term "witness" any person who may be called to testify by the government, including those identified in the investigative report as "Sources" as well as any co-conspirator whose hearsay declarations the government will seek to introduce at trial, and who defendant believes has proffered certain information to the government. Under Rule 806 of the Federal Rules of Evidence, the credibility of a non-testifying declarant may be attacked by any evidence which would be admissible for those purposes if the declarant has testified as a witness. Therefore, material going to the credibility of even a non-testifying hearsay declarant is relevant to the trial of this case. Further, existence and identification of any witness testifying before any court, grand jury, or tribunal, or any narrative of such statements containing exculpatory material concerning the above-entitled matter is sought.

By this motion, the defendant asks that the government disclose the following:

1.     Criminal Record

Any and all records and information revealing prior convictions, guilty verdicts or juvenile adjudications attributed to each witness, including but not limited to relevant "rap sheets."

2.     Other Misconduct or Bad Acts

(a).    Any and all records and information, whether written, oral, or contained in documents, regarding any misconduct of bad acts.

(b).    Any and all agency investigative files of the FBI or any other federal or state agency, including but no limited to interviews, documents, tape recordings, and case reports, or any investigations for bribery, extortion, RICO, fraud,

2

corruption, or any other offense, for any person who will be a witness for the government.

3.      Immunity, Plea Agreements and other Benefits

(a).    Any and all consideration given to or on behalf of the witness, or expected or hoped for by the witness. By "consideration," defendant refers to anything, whether bargained for or not, which arguably could be of value or use to the witness or to persons of concern to the witness, including but not limited to plea agreements, formal or informal; direct or indirect leniency, favorable treatment or recommendation of other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative or other dispute with the federal, state, or local government, any other authority or with any other party; criminal, civil or tax immunity grants; relief from forfeiture; payments of money, rewards of fees; witness fees; provisions for food, clothes shelter, transportation, legal services or other benefits; placements in a "witness protection program;" informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government or against the defense or act as an indictment to testify or to color testimony.

(b).    Copies of statements, if any, submitted by the government or intended for submission by the government to the pretrial services department or the probation department of the United States District Court on behalf of any witness or potential witness, including but not limited to those who have been charged in this or a related case, whether pending or whether the witness has been sentenced or is

presently awaiting sentencing.

4.  Inconsistent or Exculpatory Statements of Witnesses

(a).  Identify any and all occasions on which a witness made:

1.  Statements inconsistent with any other statements made by that witness;

2.  Statements inconsistent with his predicted trial testimony;

3.  Statements that he had no knowledge of the crimes charged in the indictment;

4.  Statements that he was not involved in any criminal activity;

5.  Statements that the defendant was not involved in any or certain criminal activity, including but not limited to the criminal activity charged in the indictment.

6.  Statements that any other defendant or alleged co-conspirator or co-schemer was not involved in criminal activity charged in the indictment;

7.  Statements inconsistent with any other statement made by any other person or any other witness, irrespective of whether that person or witness will be called to testify by the government.

(b)  As to each occasion above, identify and provide any notes, written statement, summaries of statements, or memoranda or such statements. Where no written record of evidence of such statements, exists, identify the date, place and persons present for the statement, and set forth a summary of the statement.

5.  Potential Prosecution

Any and all discussions in any context, coercive or non-coercive, or any threats or coercion, express or implied, direct of indirect, regarding criminal prosecution, investigations, potential prosecutions, or forfeiture charges or action presently pending or which could be brought against the witness whether made directly to the witness or to his attorney or representative; and probationary, parole, deferred prosecution or custodial status of the witness; and any civil, internal revenue, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real apparent, or perceived influence.

6.  Personnel and Other File

Any and all personnel files for the witness; the existence and identify of all federal, state and local government files for the witness; the existence and identity of all internal affairs, internal investigation of public integrity investigation files concerning the witness; the existence and identity of any investigation or misconduct by an employer or complaints regarding misconduct by the witness.

7.  Alcoholism. Drug Use. Psychiatric History, Physical History

Any and all information, records, or documents, whether oral, written, or recorded, related to any witness or alleged co-conspirator or co-schemer regarding:

(a) physical symptoms, problems, examinations, treatments and/or hospitalizations;

(b) mental, emotional, or behavioral problems, symptoms, treatment, or

5

examinations, treatment, or hospitalization, including but not limited to psychiatric or psychological disorders:

(c) alcoholism or use of alcohol, including but not limited to symptoms, examinations, treatment, or hospitalization for alcoholism, alcohol or any alcohol related disorder, whether physical, mental, or behavioral.

(d) drug addiction or use of drugs, including but not limited to cocaine, marijuana, amphetamines, designer, prescription or non-prescription drugs, including but not limited to use of, symptoms of or examination for, or treatment for use or abuse of such substances.

**WHEREFORE,** the defendant Javier Chavez respectfully request an Order directing the government to disclose, 60 days prior to trial, all favorable evidence to the defendant, or evidence which can be used in the impeachment of government witnesses, within its possession, custody or control, or the existence of which is known to any agency of the government or by the exercise of due diligence could become known, including but not limited to the above-requested information.

Respectfully Submitted,

By: s/ Brian M. Collins

BRIAN M. COLLINS
70 W. Hubbard Street,
Suite 302
Chicago, Illinois 60610
Tel: (312) 755 0303
Fax: (312) 755 0305
E-mail: briancollins302@sbcglobal.net
Atty. No. 29003

STATE OF ILLINOIS )
                        ) SS
COUNTY OF COOK )

### PROOF OF SERVICE

I, Thomas A. Gibbons, an attorney, certify and verify that on August 18, 2008, electronically filed and/or hand delivered a copy of the foregoing **MOTION TO PRODUCE BRADY MATERIAL**, to:

Lela D. Johnson
Assistant U.S. Attorney
219 S. Dearborn
5th Floor
Chicago, Illinois 60604

Respectfully Submitted,

By: s/ Brian M. Collins

BRIAN M. COLLINS
70 W. Hubbard Street,
Suite 302
Chicago, Illinois 60610
Tel: (312) 755 0303
Fax: (312) 755 0305
E-mail: briancollins302@sbcglobal.net
Atty. No. 29003

7