**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | No. 08 CR 521 |
| | ) | Hon. Suzanne Conlon |
| JAVIER CHAVEZ, | ) | Mag. Judge Cox |
| | ) | |
| Defendant. | ) | |

**MOTION FOR STATUS**
**REGARDING REPRESENTATION**

NOW COMES MICHAEL D. MONICO, of MONICO, PAVICH & SPEVACK

(hereafter "Moving Counsel"), on behalf of the Defendant, JAVIER CHAVEZ, and most

respectfully requests that the Court provide a status date regarding representation that

would include the presence of the Defendant.

IN SUPPORT of this Motion, Defendant states:

1.      Moving Counsel states initially that he does not have an appearance on file

and therefore does not at this time represent the Defendant in the instant case.  Defendant

is presently represented by an appointed attorney.  Moving Counsel brings this motion

because he is unaware of an alternative procedure to getting the matter before the Court.[1]

He proposes to advise the Court that the Defendant desires to engage him as trial counsel

and that Defendant's fiancé's family is willing to retain Moving Counsel on Defendant's

behalf, but that because of his trial schedule Moving Counsel cannot become involved in

the case unless the trial and other preliminary dates are extended.

---

[1] Moving Counsel had hoped to appear before the Court on August 19 and again on August 26 when the
matter had been scheduled for hearings on motions.  Each time, however, the Court each time resolved the
motions prior to the hearing date and thus the hearing dates became unnecessary.

2.    Defendant appeared voluntarily before this Court for the first time on August 8, 2008. The Court appointed a panel attorney to represent him and also ordered that the Defendant be detained. Thereafter, Defendant's fiancé contacted Moving Counsel. Moving Counsel has since met with the Defendant in the Metropolitan Correctional Center. Defendant has asked Moving Counsel to represent him, and his fiancé's family has agreed to pay Moving Counsel's legal fees.

3.    However, this matter is presently scheduled for trial on October 20, 2008. Pretrial motions are due on September 1, 2008. The Court has also set September 5, 2008, as the final date for Defendant to present any plea agreements to the Court that would qualify him for timely pleading credit.

4.    Because of his present trial schedule, Moving Counsel cannot try the instant case on October 20, 2008.[2] He cannot try the case until sometime in the beginning of next year. Moving Counsel does not want to file an appearance and agree to represent the Defendant unless the October 20th trial date were rescheduled until early 2009. And, because Moving Counsel would first be getting into the case, he would also need additional time to engage in meaningful plea negotiations with the Government. Given the nature of the case and Moving Counsel's understanding to date, Moving Counsel would want to seriously explore the possibility of a disposition short of trial. But this also requires a review of the Government's evidence, among other things. Moving Counsel understands that there are in this case tape recordings in the Spansih language that need to be reviewed, a process made more time consuming because the

---

[2] Moving Counsel has a trial set for November 4, 2008, that is expected to take one month. In that case the Government had turned over approximately 500,000 documents in total, with approximately 250,000 pages three weeks ago. *United States v. Vrdolyak*, No. 07-298 (Judge Shadur).

Defendant has been detained.  The Defendant has yet to hear these tapes.  Those tapes could also lead to additional motions.

5.     Moving Counsel does not wish to disturb the Court's schedule, but he also does not want to file an appearance if he realizes from inception that he cannot meet the dates already set by the Court.  Moving Counsel has advised the Defendant of the problem.  The Defendant states that Moving Counsel is his counsel of choice to represent him, even though it would necessitate a continuance of the trial date and the Defendant may remain detained until the trial.[3]   It is further Defendant's understanding that one of the three remaining defendants has scheduled a Change of Plea hearing, and a second defendant is out on bond, so that the additional time will not prejudice them.  (Defendant is not certain about the status of the third co-defendant.)

6.     Requesting a status conference on these issues is the only way for counsel to bring this matter to the Court's attention.

WHEREFORE, Defendant respectfully requests that the Court hold a status conference on the issue of representation.

Respectfully submitted,
JAVIER CHAVEZ


By:     __/s/ Michael D. Monico__
Michael D. Monico
MONICO, PAVICH & SPEVACK
20 S. Clark Street, Suite 700
Chicago, Illinois  60603
312-782-8500

---

[3] *If* counsel becomes involved, he would expect at some point to ask the Court to reconsider the detention order, but that issue does not bear on the question of whether Defendant wants Moving Counsel to represent him.